# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | CASE NO: 20-00098-jw |
| Ruby Lees South, LLC, | CHAPTER: 11 |
| Debtor. | |
| Address: P. O. Box 21563, Hilton Head Island, SC 29925 | |
| Tax-Payer-Identification (ITIN) No(s)., (if any): 81-2007855 | |

## NOTICE OF MOTION OF UNITED STATES TRUSTEE TO DISMISS CASE

The United States Trustee has filed papers with the Court under 11 U.S.C. § 1112(b) to dismiss this chapter 11 case.

**Your rights may be affected.** **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to dismiss this case, or, you want the court to consider your views on the motion, then within 21 days of service of this notice, you or your attorney must:

File with the court a written response, return, or objection at:

   1100 Laurel Street
   Columbia, SC 29201

Responses, returns, or objections filed by an attorney must be electronically filed in ecf.scb.uscourts.gov.

If you mail your response, return, or objection to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy to:

  John T. Stack
  Assistant United States Trustee
  1835 Assembly Street, Ste. 953
  Columbia, SC  29201

  Michael W. Mogil, Esquire
  2 Corpus Christie Place, Ste. 303
  Hilton Head Island, SC  29928

1

Attend the hearing scheduled to be heard on March 4, 2020, at 10:30 a.m. at the United States Bankruptcy Court, 145 King Street, Room 225, Charleston, SC 29401

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

JOHN P. FITZGERALD, III
Acting United States Trustee, Region 4

By: /s/ John T. Stack
John T. Stack
Assistant United States Trustee
U.S. Department of Justice
Dist. Ct. Id. No. 4272
Office of the United States Trustee
1835 Assembly St., Suite 953
Columbia, South Carolina 29201
(803) 765-5218
(803) 765-5260 (facsimile)
John.T.Stack@usdoj.gov

Date:  January 27, 2020

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE:<br><br>Ruby Lees South, LLC,<br><br>      Debtor.<br><br>Address: P. O. Box 21563, Hilton Head Island, SC 29925<br><br>Tax-Payer-Identification (ITIN) No(s)., (if any): 81-2007855 | CASE NO: 20-00098-jw<br><br>CHAPTER: 11 |

**MOTION OF THE UNITED STATES TRUSTEE TO DISMISS CASE WITH SUPPORTING MEMORANDUM**

The United States Trustee files this motion to dismiss this Chapter 11 case in accordance with 11 U.S.C. § 1112(b). The United States Trustee files this motion pursuant to 28 U.S.C. § 586, 11 U.S.C. §§ 307, 1112 and SC Interim LBR 1017-(c).[1] The Court has jurisdiction of this case and this proceeding. This proceeding is a core proceeding, and the Court has the authority to enter a final judgment in this matter. 28 U.S.C. §§ 1334, 157(b); Local Civil Rule 83.IX.01 (D.S.C.). In support of his motion, the United States Trustee alleges:

**FACTUAL BACKGROUND**

1. Ruby Lees South, LLC (the debtor) filed a voluntary petition for Chapter 11 relief on January 6, 2020. The debtor remains in possession of its assets. No trustee or examiner has been appointed in this case. The United States Trustee (the UST) has not

---

[1] The United States Trustee waives the requirement for an initial hearing on this motion within 30 days after the motion is filed. 11 U.S.C. § 1112(b)(3).

3

appointed a creditors committee. The debtor has not filed the required schedules and statements other than the voluntary petition, the 20 largest unsecured creditors list, a mailing matrix, and a corporate ownership statement. The debtor's petition does not state that the debtor is a small business within 11 U.S.C. § 101(51D), but the debtor's petition indicates that the debtor's aggregate, noncontingent, liquidated debts are less than $2,725,625.00, indicating that the debtor may actually be within the definition of a small business.[2] Attorney Michael W. Mogil filed the petition on behalf of the debtor, but he has not filed an application to be employed as the debtor's counsel.

2. The debtor operates a restaurant on Hilton Head Island at 19B Dunnagans Alley in Beaufort County, known as Ruby Lee's South. Timothy H. Singleton signed the debtor's bankruptcy petition as manager. According to the Fed. R. Bankr. P. 7007.1 corporate ownership statement, Mr. Singleton owns 10% or more of a class of equity interests in the debtor.

3. The principal cause of the debtor's bankruptcy filing cannot be determined due to the debtor's failure to file the required schedules and statements, but the mailing matrix lists Graves Warehouse, LLC, the debtor's landlord, as a creditor along with the IRS and SC DOR. The 20 largest unsecured creditors list reflects only the landlord as a unsecured creditor in the amount of $50,000.00.

4. The UST has contacted counsel for the debtor on more than one occasion regarding the administrative delinquencies in this case, but none of these delinquencies have been remedied. The UST needs to conduct an initial debtor interview, but the debtor has not made the necessary arrangements. The UST last contacted the debtor's

---

[2] Further reference to Title 11 U.S.C. § 101, *et seq.*, will be by section number only.

counsel on January 22, 2020, regarding the debtor's failure to file schedules and statements, but the UST has not received a response. The meeting of creditors is scheduled for February 21, 2020.

5. The debtor's required schedules and statements should have been filed by January 20, 2020. The debtor has not timely moved for an extension of this requirement.

6. As of this writing, only one creditor has filed a proof of claim, the South Carolina Department of Revenue on January 15, 2020. SC DOR filed a secured claim for $117,564.92, claim no. 1-1, for withholding, sales, liquor, and use taxes dating back as far as 2017.

## **ARGUMENT**

Section 1112(b) of the Bankruptcy Code provides that on request of a party in interest, and after notice and a hearing, "the Court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, unless the court determines that the appointment under § 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate."  § 1112(b)(1).

Upon establishment of cause by a party in interest, the dismissal or conversion of a case is mandatory, unless the debtor can establish evidence that satisfies the specific requirements set forth in § 1112(b)(2). *See Ashley Oaks Development, Corp.*, 458 B.R. 280, at 284 (Bankr. D.S.C. 2011); s*ee also In re Keely and Grabanski Land P'ship*, 460 B.R. 520, 536 (Bankr. D.N.D. 2011) ("If cause has been established, the burden shifts to [d]ebtor to prove the case falls within the 'unusual circumstances' exception to § 1112(b)(1)'s mandatory dismissal"). More specifically, § 1112(b)(2) provides:

> The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing is not in the best interests of the creditors and the estate, **and** the debtor or any other party interest establishes that –
>
> > (A) there is reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; **and**
> >
> > (B) the grounds for granting such relief include an act or omission of the debtor other than paragraph (4)(A) –
> >
> > > (I) for which there exists a reasonable justification for the act or omission; **and**
> > >
> > > (II) that will be cured within a reasonable period of time fixed by the court.

§ 1112(b)(2)(emphasis added).

While the term "cause" is not defined by the statute, § 1112(b)(4) provides some examples which are meant to be non-exclusive, any one of which may constitute "cause" for either the conversion of a Chapter 11 case to a Chapter 7 case or the dismissal of a Chapter 11 case. *In re Ashley Oaks Development Corp.*, *supra*; *In re Gary A. Washington and Michele A. Washington*, 2010 WL 5128955, at *1 (Bankr. S.C. Sept. 27, 2010). Cause is defined in 11 U.S.C. § 1112(b)(4) to include:

> . . .
>
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
> . . .
>
> (H) failure to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator, if any);
> . . . .

§ 1112(b).

6

Subsection (e) of § 1112 also requires that the information required by paragraph (1) of § 521(a), a debtor's debt and property schedules and statement of financial affairs, be filed within 15 days following the filing of a bankruptcy petition in the absence of a court-granted extension. The debtor has neither asked for nor received an extension from the Court, and these documents are past due.

Cause exists to dismiss this case which includes, but is not limited to, the grounds of § 1112(b)(4)(F, H) and subsection (e).

Pursuant to the authorities cited above and for the reasons set forth, the UST requests that the Court dismiss this case.

Respectfully submitted,

JOHN P. FITZGERALD, III
Acting United States Trustee
Region 4


By: /s/ John Timothy Stack
John Timothy Stack
Trial Attorney, Id. No. 4272
Assistant United States Trustee
Department of Justice
Office of the United States Trustee
1835 Assembly St., Suite 953
Columbia, South Carolina 29201
(803) 765-5218
(803) 765-5260 (facsimile)
John.T.Stack@usdoj.gov

Date:   January 27, 2020

**U.S. BANKRUPTCY COURT**
**District of South Carolina**

Case Number: 20-00098-jw

ORDER DISMISSING CASE

The relief set forth on the following pages, for a total of 2 pages including this page, is hereby **ORDERED**.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | CASE NO: 20-00098-jw |
| Ruby Lees South, LLC, | CHAPTER: 11 |
| Debtor. | |
| Address: P. O. Box 21563, Hilton Head Island, SC 29925 | |
| Tax-Payer-Identification (ITIN) No(s)., (if any): 81-2007855 | |

**ORDER DISMISSING CASE**

THIS MATTER comes before the Court upon a motion filed by the United States Trustee (the UST) requesting that this Chapter 11 case be dismissed.

Neither the debtor nor any other party in interest filed an objection to the UST's motion.

It appearing that the best interests of creditors and the bankruptcy estate would be served by dismissing this case rather than converting the case to one under Chapter 7 or appointing a Chapter 11 trustee or examiner, this case should be and hereby is dismissed. 11 U.S.C. § 1112(b).

AND IT IS SO ORDERED.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Ruby Lees South, LLC,<br><br>                         Debtor.<br><br><br>Address: P. O. Box 21563, Hilton Head Island, SC 29925<br><br>Tax-Payer-Identification (ITIN) No(s)., (if any): 81-2007855 | CASE NO: 20- 00098-jw<br><br>CHAPTER: 11 |

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on January 27, 2020, I served the below-named parties with copies of the following documents:

**NOTICE OF MOTION AND MOTION OF UNITED STATES TRUSTEE TO DISMISS CASE WITH PROPOSED ORDER AND CERTIFICATE OF SERVICE**

by mailing said copies to them by first-class, United States mail, postage prepaid, with return address clearly shown to said parties at the addresses shown below:

(see attached matrix)

                                              By: /s/ John Timothy Stack
                                              John Timothy Stack
                                              Trial Attorney, Id. No. 4272
                                              Assistant United States Trustee
                                              Department of Justice
                                              Office of the United States Trustee
                                              1835 Assembly St., Suite 953
                                              Columbia, South Carolina 29201
                                              (803) 765-5218
                                              (803) 765-5260 (facsimile)
                                              John.T.Stack@usdoj.gov

Date: January 27, 2020

Barry L. Johnson, Esq.
10 Pinckney Colony Rd., Ste. 200
Okatie, SC  29909-4146

Michael W. Mogil, Esq.
2 Corpus Christie Place, Ste. 303
Hilton Head Island, SC  29928-1702

South Carolina Dept. of Revenue
P. O. Box 12265
Columbia, SC  29211-2265

South Carolina Dept. of Revenue
P. O. Box 125
Columbia, SC  29214-0101

Ruby Lees South, LLC
P. O. Box 21563
Hilton Head Island, SC  29925-1563

Timothy H. Singleton
4 Mustang Lane
Hilton Head Island, SC  29926

Graves Warehouse, LLC
19 Dunnagans Alley
Hilton Head Island, SC  29928-3214